UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER D. CEASAR, III,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. AGUIRRE,<br><br>　　　　Defendant. | 1:15-cv-00873-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO STRIKE BE GRANTED IN PART AND DENIED IN PART<br><br>(ECF NO. 22) |

I. **BACKGROUND**

Walter D. Ceasar, III ("Plaintiff") is an inmate in custody of the State of California Department of Corrections and Rehabilitation and is currently confined at California Substance Abuse and Treatment Facility ("CSATF") at Corcoran State Prison ("CSP") in Corcoran, California, proceeding *pro se* and *in forma pauperis* with a civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 9, 10, 11). Plaintiff moves to strike the affirmative defenses set forth in the Answer of Defendant E. Aguirre ("Defendant"), a correctional officer. (ECF Nos. 17, 22).

Plaintiff filed his Complaint on June 9, 2015. (ECF No. 1). Plaintiff's allegations stem from conduct that occurred while Plaintiff was incarcerated at CSP. Plaintiff alleges that, on December 18, 2013, he informed Correctional Officer Reyna ("Reyna") that he needed to move out of his cell because he was having issues with his cellmate, inmate Gonzalez, and was advised by Reyna to inform the floor manager the next day. On December 19, 2013, after returning from breakfast, a fight ensued between inmate Gonzalez and Plaintiff. Plaintiff

1

yelled for help, noticed Defendant looking at Plaintiff's cell door, and even made eye contact with Defendant, who then turned away. Plaintiff asserts that it was not until the alarm sounded that Defendant went to Plaintiff's cell and ordered both Plaintiff and inmate Gonzalez to "get down."

Plaintiff was taken to Hanford Regional Medical Center for treatment and observation. He sustained swelling in his forehead and pain and stiffness in his neck from being attacked by inmate Gonzalez.

After screening Plaintiff's complaint, the Court found that Plaintiff has a cognizable claim against Defendant for violation of the Eighth Amendment based upon failure to protect Plaintiff from serious harm. (ECF No. 13, pg. 5).

## II. PLAINTIFF'S MOTION TO STRIKE

Defendant filed his Answer to Plaintiff's Complaint on December 12, 2016 (ECF No. 17). Defendant denies seeing Plaintiff and inmate Gonzalez fighting in their cell, and further denies failing to approach the cell to investigate. Plaintiff filed a Motion to Strike Defendant's affirmative defenses to Complaint on December 23, 2016 (ECF No. 22). Defendant's Opposition to Plaintiff's Motion to Strike was filed on January 12, 2017. (ECF No. 23).

## III. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010); Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." Everett H. v. Dry Creek Joint Elementary Sch. Dist., 5 F. Supp. 3d 1167, 1177 (E.D. Cal. 2014) (citing Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)).

Before a motion to strike affirmative defenses may be granted, the Court "must be convinced that there are no questions of fact, any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Jones v. Sweeney, No. CV-F-04-6214-AWI-DLB, 2006 WL 1439080, at *1 (E.D. Cal. May 24, 2006) (citing SEC v.

Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)). "[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike." Whittlestone, 618 F.3d at 973 (internal quotation marks and alterations omitted).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment—leave to amend should be "freely given." Hall v. City of Los Angeles, 697 F.3d 1059, 1073 (9th Cir. 2012) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) (internal quotations and punctuation omitted).

Plaintiff seeks to strike affirmative defenses one through nine because Defendants failed to support them with facts.  Defendants are required to "affirmatively state any avoidance or affirmative defenses." Fed. R. Civ. P. 8(c)(1).  "In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a 'short and plain' statement to give the opposing party fair notice of the defense and the grounds upon which it rests." Barnes v. AT&T Pension Ben. Paln Nonbargained Program, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (citing Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1993)).  "An affirmative defense is insufficient as a matter of pleading if it fails to give plaintiff 'fair notice.'" Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc., No. 1:15-CV-01137 MJS HC, 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010) (citing Wyshak, 607 F.2d at 827); Gomez v. J. Jacobo Farm Labor Contractor, Inc., 188 F. Supp. 3d 986, 991–93 (E.D. Cal. 2016). "The 'fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'" Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)). "Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses. [Citations] Simply referring to a doctrine or statute is insufficient to afford fair notice." Gomez, 188 F. Supp. 3d at 992 (quoting United States v. Gibson Wine Co., 2016 WL 1626988, *4–6 (E.D. Cal. Apr. 25, 2016));

Dodson v. Munirs Co., No. CIV. S-13-0399 LKK, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013) (providing that "[f]air notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based.")

### IV.     ANALYSIS

#### A.     Motion to Strike

Plaintiff asserts that all nine of the affirmative defenses Defendant has pled in his answer are insufficient because they fail to provide Plaintiff fair notice. Plaintiff suggests two primary arguments why Defendant's affirmative defenses should be stricken from the record. First, Plaintiff claims that Defendant's affirmative defenses are a boilerplate listing of affirmative defenses, which are irrelevant to the claim asserted.  Second, Plaintiff asserts that Defendant has failed to allege sufficient facts to establish that the affirmative defenses are plausible. Additionally, Plaintiff claims that Defendant uses only conclusory statements and failed to allege any identifiable facts supporting the affirmative defenses. (ECF No. 22, p. 2).

#### B.     Defendant's Affirmative Defenses

On December 12, 2016, Defendant filed his answer to the Complaint, asserting the following affirmative defenses: (1) punitive damages; (2) statute of limitations; (3) qualified immunity; (4) res judicata and collateral estoppel; (5) failure to exhaust administrative remedies; (6) plaintiff's conduct contributory factor; (7) failure to mitigate damages; (8) injunctive relief; and (9) reservation of right to amend defenses.  (ECF 17, p. 4).  All of Defendant's defenses are presented in conclusory fashion with no explanation of their applicability to the facts of this case.

   1. <u>First Affirmative Defense: Punitive Damages</u>

Defendant's first affirmative defense is that "Plaintiff is not entitled to punitive damages because the answering Defendant did not act with malicious intent to deprive him of any constitutional right or to cause any other injury."  (ECF 17, p. 4).  Plaintiff asserts that this defense should be stricken because it denies allegations in the complaint or is "an assertion that plaintiff cannot prove the elements of its claim."

The Court agrees that this is not a proper affirmative defense; it is an assertion that Plaintiff has not proved essential elements of his claim. <u>Vargas v. Cty. of Yolo</u>, No. 215CV02537TLNCKD, 2016 WL 3916329, at *5 (E.D. Cal. July 20, 2016) (quotations and citations omitted). Therefore, the Court finds that Defendant has not met the pleading standard, and recommends that Plaintiff's Motion to Strike be GRANTED without leave to amend. Defendant can challenge Plaintiff's right to punitive damages without asserting this affirmative defense.

    2. <u>Second Affirmative Defense: Statute of Limitations</u>

Defendant's second affirmative defense states "This action is barred by the applicable statute of limitations." (ECF No. 17, p. 4). This affirmative defense is listed in Rule 8(c)(1) of the Federal Rules of Civil Procedure which allows for defenses on the basis of statute of limitations dependent on the underlying statute of limitations. Fed. R. Civ. P. 8(c)(1). Defendant has not identified a specific limitations period that would apply and has provided no information about how Plaintiff's claim is barred. The incident in question occurred on December 19, 2013. (ECF No. 1, p 6). Plaintiff filed his Complaint on June 9, 2015, 17 months following the incident. <u>See</u> <u>Television Educ., Inc. v. Contractors Intelligence Sch., Inc.</u>, No. CV 2:16-1433-WBS-EFB, 2016 WL 7212791, at *2 (E.D. Cal. Dec. 12, 2016). Defendant's defense simply states "merely state[s] a doctrine or legal theory without any indication as to how the doctrine may apply in this case." <u>Bird v. Zuniga</u>, No. 115CV00910DADMJSPC, 2016 WL 7912005, at *3 (E.D. Cal. Nov. 30, 2016), <u>report and recommendation adopted sub nom. Bird v. Musleh</u>, No. 115CV00910DADMJS, 2017 WL 272226 (E.D. Cal. Jan. 19, 2017).

The Court finds that this assertion of affirmative defense does not give sufficient notice to the Plaintiff regarding the basis of the defense, especially considering the timing of the complaint. Based upon the foregoing, the Court recommends Plaintiff's Motion to Strike is GRANTED as to this defense with leave to amend.

    3. <u>Third Affirmative Defense: Qualified Immunity</u>

In his third affirmative defense, Defendant claims he is entitled to immunity or qualified

immunity. Plaintiff asserts in his Motion to Strike that Defendant is not an entity and he is being sued in his individual capacity and likely would not be entitled to qualified immunity (ECF No. 22, p. 4).

The U.S. Supreme Court has held that government officials performing discretionary functions should be shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 815, 102 S. Ct. 2727, 2737, 73 L. Ed. 2d 396 (1982). Contrary to Plaintiff's assertion, qualified immunity is a defense available to government officials sued in their individual capacities. Cmty. House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 965 (9th Cir. 2010) (citing Eng v. Cooley, 552 F.3d 1062, 1064 n. 1 (9th Cir.2009); Kentucky v. Graham, 473 U.S. 159, 165–68 (1985)). See also, e.g., Wheaton v. Webb-Petett, 931 F.2d 613, 619 (9th Cir. 1991) (finding that a section 1983 plaintiff could not recover damages from a defendant sued in his individual capacity due to qualified immunity).

Therefore, the Court recommends that Plaintiff's Motion to Strike be DENIED as to this defense.

4. Fourth Affirmative Defense: Res Judicata or Collateral Estoppel

Defendant's fourth affirmative defense states that "to the extent that Plaintiff has previously litigated the issues raised in this Complaint, the Complaint and all causes of action are barred by the doctrines of res judicata or collateral estoppel." (ECF No. 17, p. 4).

Defendant fails to identify any prior action which would conceivably bar the present action. Defendant should at least reference the cases or cases where Plaintiff has alleged similar claims against it and/or obtained a judgment. See Gomez, 188 F. Supp. 3d at 1004.

Therefore, the Court recommends that the Plaintiff's Motion to Strike be GRANTED as to this defense, with leave to amend.

5. Fifth Affirmative Defense: Exhaustion of Administrative Remedies

For his fifth affirmative defense, Defendant asserts that to the extent Plaintiff has failed to exhaust available administrative remedies, his claims are barred by 42 U.S.C. § 1997e. (ECF No. 17, p. 4). While Defendant is not required to provide specific facts supporting the defense,

he is required to provide some factual support which would provide fair notice to Plaintiff. <u>Dodson</u>, CIV. S-13-0399 LKK, 2013 WL 3146818, at *2. Defendant admits that Plaintiff submitted CDCR Form 602 on January 18, 2014 and continued with the CDCR review process through March 24, 2015 at CSATF. (ECF No. 17 at 2-3). Defendant essentially asserts that he does not know yet whether this defense applies, and will presumably make efforts to confirm his claims. <u>Leos v. Rasey</u>, No. 114CV02029LJOJLTPC, 2016 WL 1162658, at *2 (E.D. Cal. Mar. 24, 2016).

The Court finds Plaintiff has been placed on fair notice of this defense and recommends that Plaintiff's Motion to Strike be DENIED.

6. <u>Sixth Affirmative Defense: Plaintiff's Own Conduct</u>

Defendant's sixth affirmative defense states that "Plaintiff's own conduct has contributed to his damages, if any." (ECF No. 17, p. 4). Plaintiff asserts that Defendant failed to set forth any facts suggesting why Plaintiff's conduct has contributed to his damages, and that Defendant has failed to provide any legal support for this possibility. (ECF No. 22, pgs. 4-5). While Defendant has failed to expressly provide any legal or factual support for this possibility, he does deny that he failed to respond to or disregarded Plaintiff's cries for help. (ECF No. 17, p. 3).

While Defendant is not required to provide specific details of the defense, he is required to set forth some factual support for the claim. <u>See</u> <u>Leos</u>, No. 114CV02029LJOJLTPC, 2016 WL 1162658, at *2. Accordingly, the Court recommends that Plaintiff's Motion to Strike be GRANTED with leave to amend.

7. <u>Seventh Affirmative Defense: Mitigate Damages</u>

Defendant's seventh affirmative defense states, "To the extent Plaintiff failed to take reasonable actions to mitigate his damages, if any such damages occurred, any recovery against Defendant must be reduced by the amount of damage that Plaintiff could have presented through the exercise of reasonable diligence." (ECF No. 17, p. 4). Although this statement does not provide a factual basis, the Court finds that it provides reasonable notice of the issue for purposes of discovery.

As such, the Court recommends that Plaintiff's Motion to Strike be DENIED as to this defense.

8. <u>Eighth and Ninth Affirmative Defenses: Injunctive Relief and Other Potential Defenses</u>

In his eighth affirmative defense, Defendant claims that Plaintiff is not entitled to injunctive relief. Plaintiff asserts that this defense should be stricken because Defendant fails to set forth any facts suggesting why Plaintiff is not entitled to injunctive relief.

However, the Court notes that Plaintiff has not prayed for injunctive relief in his Complaint. Defendant purports to identify a defect in Plaintiff's complaint concerning injunctive relief. However, "an allegation that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." <u>Wild v. Benchmark Pest Control, Inc.</u>, No. 1:15-CV-01876-JLT, 2016 WL 1046925, at *7 (E.D. Cal. Mar. 16, 2016) (<u>citing</u> <u>Zivkovic v. S. California Edison Co.</u>, 302 F.3d 1080, 1088 (9th Cir. 2002)) (internal quotations and citations omitted.) The Court agrees that this is not a proper affirmative defense.

The ninth affirmative defense claims that Defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter and as such, reserves the right to assert additional affirmative defenses to the extent that such affirmative defenses are applicable. This ninth defense is not an affirmative defense. <u>Leos</u>, No. 114CV02029LJOJLTPC, 2016 WL 1162658, at *3. ("The right to assert affirmative defenses depends upon whether they have been pleaded in the answer and the right to amend an answer to add further affirmative defenses depends upon Rule 15 and the scheduling order.").

Thus, the statements set forth under the eighth and ninth defenses are improper as defenses and the Court recommends that these defenses be STRICKEN.

V.   **CONCLUSION**

Based on the forgoing, the Court **HEREBY RECOMMENDS**:

Plaintiff's Motion to Strike the affirmative defenses is **GRANTED IN PART** and **DENIED IN PART** as follows:

A. Plaintiff's Motion to Strike Defendant's Affirmative Defenses is GRANTED

8

as to the Second, Fourth, and Sixth Affirmative Defenses with leave to amend;

    B.  Plaintiff's Motion to Strike Defendant's Affirmative Defenses is GRANTED as to the First, Eighth, and Ninth Affirmative Defenses without leave to amend.

    C.  The Motion is DENIED as to the Third, Fifth, and Seventh Affirmative Defenses.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

    Dated:  **March 23, 2017**　　　　　　　　　　/s/ _Erica P. Grosjean_
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE