| | |
|---|---|
| WALTER D. CEASAR,<br><br>    Plaintiff,<br><br>v.<br><br>E. AGUIRRE,<br><br>    Defendant. | Case No. 1:15-cv-00873-LJO-EPG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ORDER DEFENDANTS TO PAY**<br><br>(ECF No. 49) |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Walter D. Ceasar, III ("Plaintiff") filed a motion on March 15, 2018, asking for an order that E. Aguirre ("Defendant") pay the amount due under their settlement agreement, i.e. $6,250.00. (ECF No. 49.) Plaintiff says that he has received a form from the California Department of Corrections and Rehabilitation, but no money. *Id.*

Defendant filed an opposition to the motion on April 4, 2018. (ECF No. 50.) Defendant explains that Plaintiff had outstanding restitution greater than the settlement amount. *Id.* After certain administrative fees were deducted pursuant to law, the remaining settlement award was credited to Plaintiff's account to reduce his restitution obligation by $5,952.38. *Id.* There were no funds leftover to pay to Plaintiff. *Id.*

The Court has reviewed the settlement agreement and documents provided by Defendant. Plaintiff agreed that the funds would first go toward restitution. *See* Settlement Agreement and Release, ECF No. 50-1 at 4 ("CDCR shall pay Plaintiff $6,250.00 (the settlement amount). However, Plaintiff understands that CDCR is obligated by California Penal Code section 2085.8

1

to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts."). This is consistent with the law, which requires that any settlement amount first go to pay outstanding restitution. *See* Cal. Pen. Code § 2085.8(a) ("Compensatory or punitive damages awarded by trial or settlement to any inmate . . . in connection with a civil action brought against a federal, state, or local jail, prison, or correctional facility, or any official or agent thereof, shall be paid directly, after payment of reasonable attorney's fees and litigation costs approved by the court, to satisfy any outstanding restitution orders or restitution fines against that person. The balance of the award shall be forwarded to the payee after full payment of all outstanding restitution orders and restitution fines, subject to subdivision (c).").

Thus, Defendants have comported with the agreement and law in paying the settlement amount toward Plaintiff's restitution. And it appears from all evidence submitted that Plaintiff's restitution amount was greater than the award.

That said, the Court would have expected this to be discussed at the settlement conference. The undersigned judge did not conduct the settlement conference and does not know if this issue was raised at that conference, but from Plaintiff's motion, it appears that this came as a surprise to Plaintiff. If so, the Court understands Plaintiff's surprise and disappointment.

As Defendant's payment comported with the law, the Court will not grant Plaintiff's motion. The Court will, however, express its opinion and understanding that the issue of restitution should be raised at future settlement conferences so that all parties have a fair and complete understanding of the result of the settlement agreement. It is not in the interest of justice to have a misunderstanding about the basic question of whether the Plaintiff will receive any money from a settlement.

IT IS SO ORDERED.

Dated: **September 17, 2018**          /s/ Erin P. Gross
                                        UNITED STATES MAGISTRATE JUDGE